JUDGE BUCHWALD  08 CIV 7700

D. Maimon Kirschenbaum (DK 2448)  
Charles Joseph (CJ-9442)  
JOSEPH & HERZFELD LLP  
757 Third Avenue  
25th Floor  
New York, NY 10017  
(212) 688-5640 Phone  
(212) 688-2548 Fax  

*Attorneys for Named and Class Plaintiffs*

Shannon Liss-Riordan*  
Hillary Schwab*  
PYLE, ROME, LICHTEN, EHRENBERG  
& LISS-RIORDAN, P.C.  
18 Tremont Street, Suite 500  
Boston, MA 02108  
617-367-7200 Phone  
617-367-4820 Fax  

*Admission Pro Hac Vice Pending*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

DAVID NILES on behalf of himself and all others similarly situated,

           Plaintiffs,

           v.

RUTH'S HOSPITALITY GROUP, INC. d/b/a RUTH'S CHRIS STEAK HOUSE, INC.,

           Defendant.
-------------------------------------------------------------x

INDEX NO:

**COMPLAINT**

**RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**



## INTRODUCTION

1.     This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law § 196-d, by David Niles on behalf of himself and other current and former employees who have worked at a Ruth's Chris Steak House in New York. As set forth below, Defendant Ruth's Hospitality Group, Inc., d/b/a Ruth's Chris Steak House, Inc. ("Ruth's Chris") has failed compensate its tipped employees in its New York restaurants at the federal and state minimum wages, and it has

improperly failed to distribute the total proceeds of banquet gratuities to tipped employees in violation of § 196-d.

## JURISDICTION AND VENUE

2. This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The Court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York because the Defendant resides in the Southern District of New York, and the causes of action under which the claims asserted in this Complaint emanate from actions that took place in New York.

## THE PARTIES

4. Defendant Ruth's Hospitality Group, Inc., d/a/a Ruth's Chris Steak House, Inc., is an international corporation with its headquarters in Florida that has operated at least two restaurants in New York within the last six years.

5. Plaintiff David Niles is a citizen of New York, who was employed as a server at Ruth's Chris Steak House in New York within the last six years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

7. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

9. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all servers (and other employees paid less than minimum wage) employed by Defendant in New York State on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

10. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and

worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

11. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than one hundred members of the Class.

12. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of Defendant's illegal tip distribution policy. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

13. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases, particularly in litigation regarding tip distribution policies.

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

15. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert

their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

16. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including whether Defendant Ruth's Chris Steakhouse was permitted to take a "tip credit" against the minimum wage for its employees and whether Defendant improperly distributed banquet gratuities to managers.

## FACTS

17. Plaintiff's consent to sue form is attached hereto as Exhibit A.

18. Defendant committed the following alleged acts knowingly, intentionally and willfully.

19. Until December 31, 2004, the minimum wage under New York state law was $5.15 per hour. From January 1, 2005 until December 31, 2005 the minimum wage under state law was $6.00 per hour. In 2006 the minimum wage was $6.75 per hour, and the state minimum wage is currently $7.15 per hour.

20. The federal minimum wage was $5.15 per hour until July 2007, when it changed to $5.85 per hour. In July 2008, it became $6.55 per hour.

21. Ruth's Chris did not pay Plaintiff the federal and/or state minimum wages for all hours worked.

22. Ruth's Chris has violated the legal requirements for taking a "tip credit" against the minimum wage by retaining portions of employees' tips and/or requiring these employees to share tips with tip ineligible employees.

23. For example, waitstaff employees are required to "tip out" non-traditionally tipped employees.

24. These employees include "stockers", who do not directly serve food and beverages to patrons.

25. In addition, Ruth's Chris adds a gratuity to customers' bills for food and beverage for private parties and other large groups.

26. This gratuity has typically been 20% of the food and beverage total.

27. However, Ruth's Chris has not remitted the total proceeds of this gratuity to non-managerial employees who serve the food or beverages.

28. Instead, Ruth's Chris has had a policy and practice of retaining for itself, and/or distributing to management or other employees not engaged in serving food or beverages as their primary duty, a portion of this gratuity.

29. As a result of Defendant's actions in not remitting the total proceeds of gratuities to non-managerial employees who serve food or beverage as their primary duty, these employees have been deprived of payments to which they are entitled.

30. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

## FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiffs on Behalf of
Himself and the FLSA Collective Plaintiffs)

31. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. At all relevant times, Defendants have been, and continue to be, a "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

33. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

34. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. §§ 196-d
Brought by Plaintiff on Behalf of
Himself and the Class)

35. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

36. Defendants retained portions of Plaintiff's tips and Class members' tips and distributed them to non-tipped and/or managerial employees.

37. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

38. Plaintiff does not seek liquidated damages for this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, pray for relief as follows:

A. Opportunity to notify other similarly situated employees of their right to opt-in to the FLSA claim in this action;

B. Restitution for the portion of the minimum wage that Ruth's Chris employees have not received in base pay;

C. Liquidated damages;

D. Certification of the New York Labor Law § 196-d claim as a Class Action claim pursuant to Rule 23;

E. Designation of Plaintiff as Representative of the Class;

F. An award of damages, according to proof, to be paid by Defendant;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
September 3, 2008

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)
Shannon Liss-Riordan*

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Shannon Liss-Riordan*
Hillary Schwab*
PYLE, ROME, LICHTEN, EHRENBERG, &
LISS-RIORDAN, P.C.
18 Tremont Street
Suite 500
Boston, MA 02108
617-367-7200 Phone
617-367-4820 Fax
*Admission Pro Hac Vice Pending

*Attorneys for Plaintiff and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by RUTH'S CHRIS STEAK HOUSE, INC in NYC and/or related individuals/entities. I consent to be a plaintiff in an action in the Southern District of New York to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_David E. Niles Jr._
Full Legal Name (Print)

_[signature]_
Signature

_9/2/08_
Date